IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. PHELPS,<br><br>    Petitioner,<br><br>  v.<br><br>EDWARD ALAMEDIA,<br><br>    Respondent                    / | No. C-98-2002 MMC<br><br>**ORDER DIRECTING RESPONDENT TO FILE RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS** |

In an opinion filed June 25, 2009,[1] the Ninth Circuit Court of Appeals directed this Court to consider the merits of petitioner Kevin L. Phelps's petition for a writ of habeas corpus.

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." See 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are

---

[1] The mandate issued August 7, 2009, and the record was returned to the Clerk of the District Court on August 20, 2009.

"vague or conclusory," "palpably incredible," or "patently frivolous or false."  See Hendricks v. Vasquez, 908 F. 2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

Petitioner was convicted of first degree murder on January 6, 1995, and is serving a sentence of either 25-years-to-life or 30-years-to-life. (See Petition ¶¶ 1-3.)[2] In his petition, petitioner makes the following claims:  (1) the state trial court erred by finding petitioner was not entitled to a new trial in light of newly discovered evidence (see Petition at M-2:11 - M-5:25); and (2) petitioner's trial counsel provided ineffective assistance of counsel by (a) failing to object to "gang" evidence (see Petition at M-7:3), (b) failing to object to "irrelevant evidence suggesting illusory connections between unrelated events" (see Petition at M-9:2), (c) failing to "locate and call defense witnesses" (see Petition at M-11:2), and (d) failing to object to "prejudicial closing argument" (see Petition at M-11:7).

The Court cannot say, from the face of the pleadings, that petitioner's claims are vague, conclusory, palpably incredible, or patently frivolous or false.  Consequently, respondent will be directed to file a response to the petition.

Accordingly, the Court hereby sets the following briefing schedule:

1. Respondent is hereby DIRECTED to file, within 60 days of the date of this order, an answer and supporting memorandum of points and authorities, along with a copy of all portions of the state record relevant to a determination of the issues presented by the petition.

3. Petitioner may, within 45 days after the filing of the answer, file a reply.

**IT IS SO ORDERED.**

Dated:  August 27, 2009

MAXINE M. CHESNEY
United States District Judge

---

[2] In one paragraph of the petition, petitioner alleges he is "serving a sentence of 25-life years" (see Petition ¶ 2), and, in another paragraph, alleges he "received a sentence of 30-life" (see Petition ¶ 3).

2