FILED

UNITED STATES COURT OF APPEALS

AUG 25 2009

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN PHELPS,<br><br>   Petitioner - Appellant,<br><br> v.<br><br>EDWARD ALAMEIDA,<br><br>   Respondent - Appellee. | No. 07-15167<br><br>D.C. No. CV-98-02002-MMC<br>Northern District of California,<br>San Francisco<br><br>ORDER |

Before: BRIGHT,[*] REINHARDT and TASHIMA, Circuit Judges.

  The mandate in this case issued on August 7, 2009, seven days after the court denied Respondent-Appellee's petition for rehearing and rehearing en banc. On August 19, 2009, Respondent-Appellee filed a motion to recall and stay the mandate pending the anticipated filing of a petition for certiorari.

  While a motion to *stay* the mandate will usually be granted pending the filing of a petition for certiorari, provided that the petition is neither frivolous nor filed solely for purposes of delay, *see* Federal Rule of Appellate Procedure 41(d)(2); Ninth Circuit Rule 41-1, a motion to *recall* the mandate must meet a higher standard. In *Calderon v. Thompson*, 523 U.S. 538, 549 (1998), the Supreme

---

  [*] The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Court recognized that "the courts of appeals . . . have an inherent power to recall their mandates." However, the Court also recognized the limits of that power, which "can be exercised only in extraordinary circumstances" and as a "last resort, to be held in reserve against grave, unforeseen contingencies." *Id.* at 550.

Here, Respondent-Appellee's counsel offered the following explanation for the failure to timely file a motion to stay the mandate:

> The order denying rehearing and rehearing en banc appeared online on July 31, 2009. I was on vacation and out of the office on that day. Although I was in the office the next two business days, on August 3rd and 4th, I left again for vacation on August 5, 2009, and just returned. When I returned from vacation I was for the first [sic] informed by my supervisor that our office was considering filing a petition for Certiorari and was directed to begin the office's internal process to seek approval for such course of action. While I was on vacation, however, and before any such decision had been made, the mandate issued.

This explanation falls far short of establishing the extraordinary circumstances necessary to outweigh "the profound interests in repose attaching to the mandate of a court of appeals." *Thompson*, 523 U.S. at 550 (citation and internal quotation marks omitted). Accordingly, Respondent-Appellee's motion to recall and stay the mandate is DENIED.