IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. PHELPS,<br><br>    Petitioner,<br>  v.<br><br>EDWARD ALAMEIDA,<br><br>    Respondent<br>_____/ | No. C 98-2002 MMC<br><br>**ORDER RE: RESPONDENT'S MOTION TO STAY PROCEEDINGS; EXTENDING DEADLINE TO FILE ANSWER** |

    Before the Court is respondent's Motion to Stay Proceedings Pending Certiorari Review, filed September 25, 2009. Petitioner, through specially appearing counsel, has filed opposition. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

    In its motion, respondent states he intends to file with the United States Supreme Court a petition for certiorari on or before October 28, 2009, by which petition he will seek review of the Ninth Circuit's June 25, 2009 decision, specifically, Phelps v. Alameida, 569 F.3d 1120 (9th Cir. 2009). Respondent requests a stay of proceedings pending the outcome of the Supreme Court's resolution of the petition for certiorari.

    "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North America Co., 299 U.S. 248, 254 (1936).

"How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254-55.

Here, petitioner challenges, by way a petition for a writ of habeas corpus, his conviction for first-degree murder and his subsequent sentence to a term of 25-years-to-life. Specifically, petitioner alleges the state trial court erred by denying his motion for a new trial and that he was provided ineffective assistance of counsel during his trial. Following the August 7, 2009 issuance of the Ninth Circuit's mandate, this Court, by order filed August 27, 2009, set a briefing schedule. Under the current briefing schedule, respondent is required to file, no later than October 25, 2009, an answer to the instant petition for a writ of habeas corpus and to submit, by that same date, a copy of all portions of the state record relevant to a determination of petitioner's claims.

In the instant motion, respondent states he expects the Supreme Court's decision as to whether to grant or deny his petition for certiorari will be issued no later than November or December 2009. Petitioner, while opposing an "indefinite" stay, does not suggest that a decision to grant or deny the petition would be expected any later than November or December 2009. Although petitioner's interest in having his federal claims determined is not insubstantial, the Court, in light of the relatively short period of time within which a decision on whether to grant or deny the petition for certiorari is expected, finds the interests of judicial economy, as well as the interests of the parties in avoiding an unnecessary expenditure of time and financial resources, weigh in favor of affording respondent an extension to file his answer.

Accordingly, the motion to stay is hereby GRANTED. Unless the petition is fully resolved in respondent's favor, respondent is hereby ORDERED to file his answer and to submit the relevant portions of the state court record no later than 21 days after resolution of the petition for certiorari.

**IT IS SO ORDERED.**

Dated: October 19, 2009

MAXINE M. CHESNEY
United States District Judge