IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. PHELPS,<br><br>    Petitioner,<br><br>  v.<br><br>EDWARD ALAMEIDA,<br><br>    Respondent.<br>_____ | No. C 98-2002 MMC<br><br>**ORDER GRANTING MOTION TO STAY PETITION; DENYING MOTION TO FILE AMENDED PETITION; DENYING MOTIONS FOR APPOINTMENT OF COUNSEL, LEAVE TO CONDUCT DISCOVERY AND SANCTIONS; DIRECTIONS TO CLERK TO ADMINISTRATIVELY CLOSE FILE**<br><br>(Docket Nos. 78, 84, 86, 89, 90) |

On May 15, 1998, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Thereafter, the Court granted respondent's motion to dismiss the petition as untimely. Subsequently, the Ninth Circuit, in an opinion filed June 25, 2009, directed the Court to consider the merits of the petition. On February 24, 2010, respondent filed an answer to the petition.

Now pending before the Court is petitioner's motion to stay further proceedings and hold the petition in abeyance while he returns to state court to exhaust state remedies with respect to four new claims he intends to add to his petition by way of amendment. Additionally, petitioner seeks leave to amend the instant petition to add the new claims. Respondent has opposed petitioner's motion, and petitioner has filed a reply.

Also pending are petitioner's motions for appointment of counsel, for leave to conduct discovery, and for sanctions.

**DISCUSSION**

A.  Motion to Stay Petition and File Amended Petition

A district court may stay a mixed habeas petition, i.e., a petition containing both exhausted and unexhausted claims, to allow the petitioner to exhaust state court remedies as to those claims that have not yet been presented to the state's highest court. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005). In Rhines, the Supreme Court discussed the stay-and-abeyance procedure, explaining that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id.

The instant case is distinguishable from Rhines, however, in that petitioner has not filed a mixed petition; rather, he has filed a fully-exhausted petition and now asks for a stay while he returns to state court to exhaust unexhausted claims. In King v. Ryan, 564 F.3d 1133 (9th Cir. 2009), the Ninth Circuit clarified that the procedure for granting a stay under such circumstances is different from the procedure employed where a petitioner seeks to stay a mixed petition. Specifically, where a petitioner seeks a stay of a fully-exhausted petition while he returns to state court to exhaust unexhausted claims, no showing of good cause is required to stay the petition. Id. at 1140. Thereafter, however, the newly exhausted claims can be added to the original petition by amendment only if the claims are timely under the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). Id. at 1140-41. If the newly exhausted claims are not timely filed in accordance with said statute, they can be added to the original petition by amendment only if they "relate back" to the claims in the original petition that were fully exhausted at the time of filing. Id. at 1142-43 (citing Mayle v. Felix, 545 U.S. 644, 659 (2005)); Fed. R. Civ. P. 15(c).

Here, as noted, petitioner has filed a fully exhausted petition and requests a stay until the claims he currently is pursuing in state court are exhausted and he is able to amend the instant petition to add those claims. Respondent acknowledges that, under such circumstances, the Court, under the procedures outlined in King, may grant a stay without a

2

showing of good cause. Respondent argues, however, that a stay should not be granted because, once petitioner's new claims are exhausted, petitioner will not be able to amend his petition to add them, for the asserted reason that such claims are untimely and do not relate back to the claims in the original petition.

At this stage of the proceedings, a determination as to the timeliness of any newly exhausted claims would be premature. In particular, petitioner, in support of his motion for a stay, asserts a number of reasons for his inability to exhaust the claims by an earlier date, which reasons arguably might provide grounds for a finding that some or all of the claims are timely filed. See 28 U.S.C. § 2244(d)(1)-(2) (providing for delayed commencement and statutory tolling of one-year limitations period); Holland v. Florida, 130 S. Ct. 2549, 2560 (2010) (holding one-year limitations period subject to equitable tolling in appropriate cases). Further, the state courts' rulings on petitioner's new claims may benefit the Court in its determination as to whether the requested amendment should be permitted. Consequently, the Court finds it prudent to wait to address the issues of timeliness and relation back until petitioner has exhausted his state remedies and moved to amend his petition with the newly exhausted claims.

Accordingly, the Court will grant the motion to stay the petition, and petitioner's pending request to amend the petition to add the new claims will be denied without prejudice. In order to ensure that the instant proceedings are not unduly delayed by the stay, petitioner shall, within thirty days of the date this order is filed and every thirty days thereafter, file with the Court and serve on respondent a status report detailing the progress of petitioner's state court proceedings. Thereafter, petitioner shall, within thirty days of exhausting the unexhausted claims, move to reopen this action, lift the stay, and amend the petition to add the new claims.

B.  <u>Motion for Appointment of Counsel</u>

Petitioner has filed a motion for appointment of counsel to represent him in this action. The Sixth Amendment's right to counsel does not apply in habeas actions. <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728 (9th Cir.), <u>cert. denied</u>, 479 U.S. 867 (1986). Pursuant to

3

statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B).

Here, petitioner's exhausted claims have been adequately presented in the petition and the interests of justice do not otherwise require the appointment of counsel while the petition is stayed. Accordingly, petitioner's motion for appointment of counsel will be denied without prejudice.

C.   Motion for Leave to Conduct Discovery

Petitioner moves for leave to conduct discovery in order to procure evidence relevant to his unexhausted claims. A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. See Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rather, the Rules Governing Habeas Corpus Cases Under Section 2254 provide that a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." See Rule 6(a) of Rules Governing Habeas Corpus Cases Under Section 2254. Before deciding whether a petitioner is entitled to discovery under Rule 6(a), the district court must first identify the essential elements of the underlying claim, and must then determine whether the petitioner has shown "good cause" for appropriate discovery to prove his claim. See Bracy, 520 U.S. at 904. Good cause for discovery under Rule 6(a) is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." Id. at 908-09 (internal quotation and citation omitted).

Here, the Court has granted petitioner's motion to stay the instant proceedings, and, consequently, discovery in the instant federal action is premature; rather, petitioner's first effort to obtain discovery should be in state court. Accordingly, petitioner's motion for leave to conduct discovery will be denied without prejudice.

4

D.     Motion for Sanctions

Petitioner moves for sanctions under Rule 11 of the Federal Rules of Civil Procedure, based on (1) alleged misrepresentations made by respondent's counsel in response to petitioner's requests for blood test results; and (2) respondent's counsel's belated provision of such evidence to petitioner. The Court finds the motion without merit.

Pursuant to Rule 11, sanctions may be imposed where an attorney has made written representations to the court that violate the provisions of Rule 11(b). See Fed. R. Civ. P. 11(c). Here, the parties' written communications concerning petitioner's access to blood test results were informal, and no written representations regarding such were made to the court by respondent's counsel. Consequently, the Court finds Rule 11 inapplicable to the alleged misrepresentations.

Further, Rule 11 is inapplicable to petitioner's contention that respondent's counsel did not timely provide petitioner with the requested blood test results, as Rule 11 does not apply to discovery violations. See Fed. R. Civ. P. 11(d). Instead, the applicable rule is Rule 37, under which the district court in which an action is pending may issue sanctions against a party who fails to obey an order to provide or permit discovery, or who otherwise fails to properly respond to discovery requests or participate in framing a discovery plan. See Fed. R. Civ. P. 37(b)-(f). Petitioner, however, is not entitled to sanctions against respondent's counsel under Rule 37, as petitioner did not move for a court order to provide or permit discovery, and the parties were not engaged in formal discovery at the time of the asserted delay in providing the blood test results.

Based on the above, petitioner's motion for sanctions will be denied.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Petitioner's motion to stay the petition is hereby GRANTED and the above-titled action is hereby STAYED; no further proceedings shall take place herein until petitioner files, within <u>thirty</u> days of exhausting the unexhausted claims, a motion to reopen as described above.

5

2.  Petitioner's request to file an amended petition is hereby DENIED without prejudice.

3.  Petitioner's motions for appointment of counsel and leave to conduct discovery are hereby DENIED without prejudice.

4.  Petitioner's motion for sanctions is hereby DENIED.

5.  Petitioner shall, within <u>thirty</u> days of the date this order is filed and every <u>thirty</u> days thereafter until the claims are exhausted, file with the Court and serve on respondent a status report detailing the progress of petitioner's state court proceedings.

6.  The Clerk shall Administratively Close the file pending the stay of this action.

This order terminates Docket Nos. 78, 84, 86, 89 and 90.

IT IS SO ORDERED.

DATED: January 19, 2011

_____
MAXINE M. CHESNEY
United States District Judge