IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. PHELPS,<br><br>   Petitioner,<br><br>   v.<br><br>RICK HILL, Warden,<br><br>   Respondent.<br>_____ | No. C 98-2002 MMC (PR)<br><br>**ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>**(Docket No. 122)** |

Petitioner is a California prisoner incarcerated at Folsom State Prison. On July 31, 2012, the Court denied his petition for a writ of habeas corpus and denied a certificate of appealability. Now before the Court is petitioner's request, filed July 29, 2013, for leave to file a motion for reconsideration of the Court's earlier-issued order of December 7, 2011, in which the Court denied petitioner's motion to amend his petition.[1] For the reasons discussed below, the request will be denied.

## PROCEDURAL BACKGROUND

On May 15, 1998, petitioner filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Thereafter, the Court granted respondent's motion to dismiss

---

[1] Petitioner filed the instant request on July 29, 2013. Shortly thereafter, the Ninth Circuit, by order filed August 9, 2013, denied petitioner's request for a certificate of appealability.

1 the petition as untimely, after which the Ninth Circuit, in an opinion filed June 25, 2009,
2 directed the Court to consider the merits of the petition. On February 24, 2010, respondent
3 filed an answer to the petition.

4 On March 10, 2010, petitioner filed a motion to stay further proceedings and hold the
5 petition in abeyance while he returned to state court to exhaust state remedies with respect to
6 five claims he intended to add to his petition by way of amendment. On January 19, 2011,
7 the Court granted the motion and stayed the action.

8 On July 19, 2011, petitioner filed a motion to reopen the case. On the same date,
9 petitioner filed a motion to amend the petition to add the following five claims (hereinafter,
10 "new claims"), which he had by that time exhausted in state court: (1) trial counsel rendered
11 ineffective assistance by failing to object to the trial court's failure to send the jury back for
12 renewed deliberations after one juror expressed concern with the verdict; (2) trial counsel
13 rendered ineffective assistance by failing to object to the trial court's acceptance of a
14 "compromised" or "not unanimous" verdict; (3) trial counsel rendered ineffective assistance
15 by failing to present evidence that other suspects committed the murder underlying the
16 conviction; (4) the prosecution suppressed the exculpatory results of a blood test; and
17 (5) appellate counsel rendered ineffective assistance by failing to investigate and raise the
18 foregoing four new claims on appeal and/or state habeas.[2] (See Mot. to Amend Pet., filed
19 July 19, 2011, at Doc. No. 100-1.)

20 On December 7, 2011, the Court entered an order granting petitioner's motion to
21 reopen; by that same order, the Court denied, on two alternative and independent grounds,
22 petitioner's motion to amend to add the new claims.

23 First, the Court found, pursuant to Coleman v. Thompson, 501 U.S. 722, 729 (1991),
24 that because the new claims were denied as untimely by the California courts, said claims
25 were procedurally defaulted and consequently not subject to federal habeas review. In so

---

[2] It appears petitioner's counsel on direct appeal was the same attorney who represented him in his original state habeas petition. (See Pet.'s App. For Enlargement of Time, filed May 24, 2010, Ex. B at 1.)

1 ruling, the Court noted that a procedural default can be overcome if the petitioner "can
2 demonstrate cause for the default and actual prejudice." (See Order, filed Dec. 7, 2013, at 7
3 (quoting Coleman, 501 U.S. at 750).) As the Court further noted, "the 'cause standard'
4 requires the petitioner to show 'some objective factor external to the defense impeded
5 counsel's efforts' to construct or raise the claim' (see id.) (quoting McCleskey v. Zant, 499
6 U.S. 467, 493 (1991)), and, as to the prejudice prong, the "petitioner bears the burden of
7 showing, 'not merely that errors at his trial created a possibility of prejudice, but that they
8 worked to his actual and substantial disadvantage, infecting his entire trial with error of
9 constitutional dimensions'" (see id.) (quoting United States v. Frady, 456 U.S. 152, 170
10 (1982) (emphasis omitted)).

Although petitioner did not attempt to show cause or prejudice, the Court addressed each of said elements sua sponte. Specifically, the Court found the factual record underlying petitioner's new claims was available to him no later than April 1997, when his original state habeas petition was denied, and consequently, that petitioner had no cause to wait for more than twelve years, until February 2010, to bring the new claims in state court. With regard to the prejudice prong, the Court found petitioner's new claims lacked merit and, consequently, that he could not show he was prejudiced as a result of the errors thereby asserted.

Second, as a separate and independent ground for denying petitioner's motion to amend the petition to add the new claims, the Court found the new claims were untimely under AEDPA's one-year statute of limitations.

**DISCUSSION**

On July 29, 2013, petitioner filed the instant motion, arguing that Martinez v. Ryan, 132 S. Ct. 1309 (2012), a case decided by the Supreme Court after his motion to amend the petition was denied, shows he can establish cause for his procedural default, specifically, his appellate counsel's ineffective assistance. See Martinez, 132 S. Ct. at 1315 (holding "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish

cause for a prisoner's procedural default of a claim of ineffective assistance at trial").[3] Specifically, petitioner argues, his "post conviction relief counsel provided ineffective assistance . . . when counsel failed to raise an ineffective assistance of counsel claim against trial counsel in an initial review collateral proceeding." (Pet.'s Req. For Leave to Move For Recon., filed July 29, 2013, at 13.)

In support of the instant motion, petitioner relies primarily on the local rules of this district, specifically, Civil Local Rule 7-9(b)(2); petitioner also cites to Rule 60(b) of the Federal Rules of Civil Procedure. As set forth below, petitioner's reliance on the former is misplaced and his citation to the latter is unavailing.

First, although Civil Local Rule 7-9 provides for reconsideration where, inter alia, there is a "change of law," see Civil L.R. 7-9(b)(2), the rule is applicable only to "interlocutory order[s]," see Civil L.R. 7-9(a)-(b). As discussed, the above-titled action has been resolved by a dispositive order and a final judgment has been entered. Consequently, Rule 7-9(b) is inapplicable.

Second, although Rule 60(b) provides for relief from a final order or judgment, and does so for a number of specified reasons, see Fed. R. Civ. P. 60(b)(1)-(5), as well as for "any other reason that justifies relief," see Fed. R. Civ. P. 60(b)(6), petitioner is unable to make the requisite showing thereunder. In particular, even if petitioner, in light of recent Supreme Court authority on the question of cause, were able to show the Court should have considered his attorney's asserted ineffective assistance, the Court, as discussed above, addressed not only the question of cause but also the question of prejudice. (See Order, filed Dec. 7, 2011, at 9-14.) This Court's findings as to petitioner's failure to show lack of prejudice remain unaffected, and, consequently, petitioner's showing remains insufficient to overcome procedural default. Cf. Martinez, 132 S.Ct. at 1321 (remanding for further proceedings where district court "did not address the question of prejudice").

---

[3] As noted above, it appears petitioner's counsel on direct appeal was the same attorney who represented him in his original state habeas petition. (See Pet.'s App. For Enlargement of Time, filed May 24, 2010, Ex. B at 1.)

Lastly, even assuming, arguendo, petitioner could establish both cause and prejudice, the new claims nonetheless fall outside AEDPA's one-year limitations period. As discussed in the Court's order of December 7, 2011, untimeliness under AEDPA constituted a separate and independent ground for denial of petitioner's motion to amend. (See Order, filed Dec. 7, 2011 at 14-19.)

In sum, the recent case authority on which petitioner relies does not provide a basis for reconsideration of the court's order denying amendment of the petition to add the new claims, nor does it provide grounds for alteration or amendment of the final judgment.

**CONCLUSION**

Based on the foregoing, petitioner's request is hereby DENIED.

This order terminates Docket No. 122.

IT IS SO ORDERED.

DATED: August 19, 2013

MAXINE M. CHESNEY
United States District Judge